**THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **FLAVORED NATION PRODUCTIONS LLC** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | _____ |
| **GATEHOUSE MEDIA, LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant ) | |
| ) | |

---

**PLAINTIFF FLAVORED NATION PRODUCTIONS, LLC'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Flavored Nation Productions, LLC ("**Flavored Nation**") hereby files this Complaint for Declaratory Judgment ("**Complaint**") against Defendant Gatehouse Media, LLC ("**Gatehouse**"), seeking a judgment from this Court declaring that there has been no material breach of the Event Consulting & Production Agreement between Flavored Nation and Gatehouse (the "**Flavored Nation-Gatehouse Agreement**"), Gatehouse's termination of the Flavored Nation-Gatehouse Agreement is without cause and, accordingly, Gatehouse owes Flavored Nation the Termination Fee (as defined in the Flavored Nation-Gatehouse Agreement).

**PARTIES**

1.     Plaintiff Flavored Nation is a New York limited liability company having an address at 1441 Broadway, 3rd Floor, New York, NY 10018.

2.     Defendant Gatehouse (d/b/a Gatehouse Live), is a Delaware limited liability company having an address at 175 Sully's Trail, Pittsford, New York 14534.

## JURISDICTION AND VENUE

3.      This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* (the "**Declaratory Judgment Act**") and Federal Rule of Civil Procedure 57.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §2201(a), as this action arises under the laws of the United States and the Declaratory Judgment Act.

5.      This Court has personal jurisdiction over Gatehouse because Gatehouse has a continuous and systematic business presence in, this Judicial District, through, among other things, the reach of its operation in 570 markets across 37 states inclusive of the State of New York, and its offices at 1345 Avenue of the Americas, 45th Floor, New York, NY 10105.  On information and belief, Gatehouse's business activities include, among other things, executing business contracts, agreements and other deals with various New York based entities.

6.      On information and belief, venue is proper in  this  Judicial  District  under  28 U.S.C.  §1391(b)(2) or §1391(b)(3) because either a substantial part of the events or omissions giving rise to this matter occurred this Judicial District or Gatehouse is otherwise subject to this court's personal jurisdiction with respect to this action.

7.      This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein.

**FACTUAL ALLEGATIONS**

**I**      **History of the Flavored Nation / Gatehouse Relationship Through the Termination by Gatehouse**

8.      On or about July 5, 2016, Richard Gore (who would later become the CEO of Flavored Nation – "**Gore**") was in initial discussions with representatives of Gatehouse regarding a collaboration pursuant to which Flavored Nation (to be formed later) would be formed.  The discussion centered on a concept that Flavored Nation would execute.  In short, Flavored Nation, as a subsidiary of Gatehouse, would produce a series of destination culinary events (the first of their kind) throughout the United States (collectively, the "**Events**" and each individually, an "**Event**").  The events would focus upon and highlight iconic foods and dishes of each of the 50 states.  The services to be provided included, among other activities, creating the Event series, marketing it, developing collaborative support relationships with third parties, producing the Events day-of, and programming the attendee experience.  See the declaration of Gore ¶ 2 (the "**Gore Declaration**" is attached hereto and incorporated herein by reference).

9.      Jason Taylor ("**Taylor**") and Lyndsi Lane ("**Lane**") were the primary contacts at Gatehouse.  Gore Declaration ¶ 2.  Taylor and Lane are representatives of GateHouse Live, the division of Gatehouse that functions as a separate event production company specializing in delivering events for the media industry and the communities they serve.  As the purported "industry leader in event production and execution from coast to coast," Gatehouse Live reportedly strives "to exceed expectations, create unforgettable memories, and generate new revenue streams while leveraging [its] reputable and institutional brands."  One element of the services to be provided by Flavored Nation were to be supportive of and collaborative with the

representatives of Gatehouse in the sale of sponsorships for the series of Events. Gore Declaration ¶ 2.

10.     Flavored Nation was formed on February 10, 2017, as a limited liability company, with the anticipation that Gatehouse's investment would come at a later time but soon thereafter. It was later decided by Gatehouse, however, that the relationship between Gatehouse and Flavored Nation should not be parent – subsidiary and instead be client and service provider. Gore Declaration ¶ 7. The Flavored Nation-Gatehouse Agreement was dated as of March 1, 2017 (although it was not fully executed until June 9, 2017). Gore Declaration ¶ 9. Some of the more notable terms and conditions of the Flavored Nation-Gatehouse Agreement are as follows (see Gore Declaration ¶ 10 and Exhibit A of the Gore Declaration):

a.  <u>From Section 4</u>:

… Should either Party default in the performance of this Agreement or materially breach any of its obligations under this Agreement, or any other agreement entered into between GateHouse and Flavored Nation regarding or in connection with the engagement hereunder, the non-breaching Party may terminate this Agreement immediately if the breaching Party fails to cure the breach within twenty (20) business days after having received written notice by the non-breaching Party of the material breach or default. …

… In addition, GateHouse may terminate this Agreement for convenience, without cause, upon 120 days prior written notice to Flavored Nation, provided that GateHouse pay Flavored Nation the Termination Fee as set forth in Exhibit B.

b.  <u>From Exhibit B</u>:

… Further, if the Agreement is terminated by GateHouse without reasonable cause (which termination right may be exercised by GateHouse providing Flavored Nation at least one hundred twenty (120) days prior written notice) or by Flavored Nation due to a breach of GateHouse as provided in the second paragraph of Section 4 prior to the then scheduled expiration date, then GateHouse shall pay Flavored Nation, (a) within ten (10) business days following the effective date of such termination, the sum of the monthly fees through the then-current Term (even if Flavored Nation provides no services through the end of the then-current Term) and (b) for as long as GateHouse

4

generates sales or otherwise receives income from any use of the Event IP – at any time during the period commencing on the expiration date up to and including December 31, 2022, on an annual basis thirty (30) days following the end of each such calendar year), the Royalty, calculated as provided above (the sum of (a) and (b) immediately above, collectively, the "**Termination Fee**"). …

11.     As set forth in detail in the Gore Declaration, Flavored Nation performed its services in accordance with the terms and conditions of the Flavored Nation-Gatehouse Agreement through the completion of the Columbus, OH Event ending August 12, 2018.  Gore Declaration ¶¶ 11 - 27.  Without any direct contact between Taylor and Flavored Nation during 2018 until after the Event (with the exceptions of the March 22 meeting and Taylor's attendance at the Columbus Event), there were 5400 attendees at the Columbus Event over the course of the weekend (about 1400 more people than anyone expected).  Gore Declaration ¶ 31.  The Event received approximately 197 positive news stories reaching over 97 million people via press alone.  Gore Declaration  ¶¶ 28.

12.     Although the debriefing discussion following the Event focused upon 'what could be done better for next year's event' and the general consensus was that the Columbus Event encompassed a unique and exciting consumer experience that could be 'turned into gold', Taylor indicated that Gatehouse could not continue at the spending rate and suggested that Gore become a Gatehouse employee.  When Flavored Nation, countering the notion of dissolving itself with Gore becoming a Gatehouse employee, sent Gatehouse the revised strategy in which Flavored Nation showed a lowering of the payments to be made to Flavored Nation (to help turn profit for the 2019 Events) and suggested that the number of Events be reduced to three (3), on September 24, 2018, Gatehouse sent Flavored Nation a settlement and termination agreement.   Gore Declaration  ¶¶ 31-33.

**II**      **Current Situation between Flavored Nation and Gatehouse**

13.      As of the date of this filing, Gatehouse has made no monthly payments since the August 1, 2018 payment (received on or about September 12, 2018).  Gore Declaration  ¶¶ 35.

14.      At no time during the relationship between Flavored Nation and Gatehouse has anyone from Gatehouse indicated that Flavored Nation materially breached any term or condition of the Flavored Nation-Gatehouse Agreement.  Accordingly, by inference, if there were a material breach not yet articulated, there has been no basis upon which Flavored Nation could evaluate the material breach and possibly cure it within the 20 day period set forth in the Flavored Nation-Gatehouse Agreement. Gore Declaration  ¶¶ 36.

15.      Further, Flavored Nation asserts that, if there has been any material breach in the Flavored Nation-Gatehouse Agreement, the material breach has been in the nonpayment of the monthly fees owed by Gatehouse to Flavored Nation.  Gore Declaration  ¶¶ 37.

**16.**      Flavored Nation has continued its efforts to prepare for possible 2019 Events, although it has been notified that Gatehouse desires to terminate the Flavored Nation-Gatehouse Agreement, in part, because it is unclear of (A) the basis of the termination and (B) whether or not, if there is a true breach of any kind (material or not), such breach can be cured within 20 days following it being specified.  Gore Declaration  ¶¶ 37.

**III**      **Discussion of Amounts Payable**

17.      If the termination is effective as of September 24, 2018 (as seemed to be suggested by Gatehouse – no cure period), then the Termination Fee is calculated from that termination date through the last date of the Initial Term (as defined in the Flavored Nation-Gatehouse Agreement).  For ease of calculation (i.e. focusing on whole months and commencing October 1,

2018) through and including February 29, 2020 the Termination Fee would be $1,736,000. Gore Declaration ¶¶ 38.

18.     If the termination is deemed to be for convenience and effective following the 120 day notice period (i.e., the period being from September 24, 2018 through or about January 22, 2019), then the Termination Fee - again focusing on whole months for ease of calculation, i.e. February 1, 2019 through February 29, 2020, the Termination Fee, at a minimum would be $1,350,00.  Further, Flavored Nation would still be owed its monthly service fee during the notice period (through the end of January 2019), which would total of $386,000 (excluding the payments in arrears).  Gore Declaration ¶¶ 39.

19.     Under any scenario, the Termination Fee would be payable no later than February 5, 2019 (i.e., within ten (10) business days following the effective date of the termination).  Gore Declaration ¶¶ 40.

20.     With respect to the Royalty payable based upon the income generated in connection with the Columbus Event, that amount would be payable on or about January 30, 2019 (based upon the terms and conditions of Exhibits B of the Flavored Nation-Gatehouse Agreement. Gore Declaration ¶¶ 41.

## COUNT I: DECLARATORY JUDGMENT

14.     Flavored Nation incorporates the foregoing allegations herein by reference.

15.     The Flavored Nation-Gatehouse Agreement imposed upon Gatehouse certain obligations towards Flavored Nation.

16.     These obligations include, but are not limited to, collaboration with Flavored Nation in securing sponsorships for the Events, payment of monthly fees for services rendered by Flavored Nation, providing Flavored Nation a 20 day period in which to cure

any material breach of the Flavored Nation-Gatehouse Agreement by Flavored Nation, payment of the Royalty arising from the revenues generated by the Columbus Event, and payment to Flavored Nation of the Termination Fee (with a termination without cause).

17.     Gatehouse has failed to fulfill its obligations towards Flavored Nation by failing to, among other things, pay the August 2018 and September 2018 monthly fees for services provided by Flavored Nation during those months, and give Flavored Nation a 20 day period in which to cure any material breach of the Flavored Nation-Gatehouse Agreement by Flavored Nation (if and to the extent Gatehouse could allege such a material breach occurred or is occurring).

18.     Upon information and belief, Gatehouse will not (and in fact cannot) reasonably assert an actionable material breach of the Flavored Nation-Gatehouse Agreement, Gatehouse does not intend to (and in fact cannot) reasonably assert an uncurable material breach, Gatehouse does not intend to pay Flavored Nation the Royalty owed for the Columbus Event, and Gatehouse does not intend to pay Flavored Nation the applicable Termination Fee.

19.     An actual controversy exists between the parties concerning Gatehouse's performance pursuant to the terms and conditions of the Flavored Nation-Gatehouse Agreement in light  of  Gatehouse's failure to so perform and the anticipation that it will continue not to perform as set forth in the agreement.

20.     The interests of the parties concerning the enforceability of the Flavored Nation-Gatehouse Agreement are real and adverse, and the issue is ripe for adjudication, due to the fact that the rights and obligations of the parties under the Flavored Nation-Gatehouse Agreement are at issue in this action.

21.     The Flavored Nation-Gatehouse Agreement is not void due to any actions or inactions of Flavored Nation, which carried out all of its required obligations towards Gatehouse under the agreement. Flavored Nation accordingly expects Gatehouse to maintain and perform pursuant to the terms and conditions of the Flavored Nation-Gatehouse Agreement – as it remains enforceable.

22.     Moreover, there is no valid excuse to support Gatehouse's termination of the Flavored Nation-Gatehouse Agreement for an uncurable cause without notifying Flavored Nation of the alleged uncurable cause.

23.     The Court should accordingly enter an order declaring the Flavored Nation-Gatehouse Agreement enforceable and in full effect as between the parties, or in the alternative, declare that Gatehouse has terminated the Flavored Nation-Gatehouse Agreement without cause, or further in the alternative, if Gatehouse provides a reasonable notification of a material breach, granting Flavored Nation 20 days to cure the alleged material breach, provided Gatehouse also pay Flavored Nation the monthly service fees owed Flavored Nation through the last day of the month of the effective date of the termination (if an uncured or uncurable material breach has actually occurred).

### COUNT II: NO MATERIAL BREACH OF CONTRACT BY FLAVORED NATION

24.     Flavored Nation incorporates the foregoing allegations herein by reference.

25.     Gatehouse has failed to notify Flavored Nation of any alleged material breach of the Flavored Nation-Gatehouse Agreement.

26.     Upon information and belief, Gatehouse has, for example, failed to comply with the terms and conditions of the Flavored Nation-Gatehouse Agreement with the

assertion that the Flavored Nation-Gatehouse Agreement is being terminated due to an unreported and unspecified material breach.

27.     Such an unsupportable termination in and of itself constitutes a material breach of the Flavored Nation-Gatehouse Agreement, but by Gatehouse, not by Flavored Nation.

28.     As a proximate result of no breach by Flavored Nation and a material breach of the  Flavored Nation-Gatehouse Agreement by Gatehouse, Flavored Nation has suffered and will continue to suffer damages.

### COUNT III: FRUSTRATION OF PURPOSE / FAILURE OF CONSIDERATION

29.     Flavored Nation incorporates the foregoing allegations herein by reference.

30.     Due to circumstances and events in the control of Gatehouse, which are substantially and materially different from what Flavored Nation reasonably anticipated, the principal purpose of Flavored Nation in entering into the Flavored Nation-Gatehouse Agreement has been substantially frustrated.

31.     These materially different circumstances include, but are not limited to, repeated actions and inactions of Gatehouse in failing to carry out its financial obligations towards Flavored Nation as required by the Flavored Nation-Gatehouse Agreement, which has hindered Flavor Nation's ability to fully perform its obligations and services due under the agreement as discussed in the aforementioned allegations.

32.     Due to the scheduled payments by Gatehouse having stopped this past September, any failure by Flavored Nation to perform under the Flavored Nation-Gatehouse Agreement thereafter should not be considered a breach by Flavored Nation and Gatehouse should be required to perform.

33.     This frustration was not within the risks assumed by Flavored Nation under the Flavored Nation-Gatehouse Agreement, and the non-occurrence of these frustrating Events, which are directly attributable to failure of receipt of scheduled payments, was a basic assumption upon which the Flavored Nation-Gatehouse Agreement was made.

34.     Due to these unanticipated circumstances, Flavored Nation has suffered a failure of consideration.  Accordingly, the benefits to be received by Flavored Nation through the Flavored Nation-Gatehouse Agreement (i.e., its monthly service fees), unjustifiably not received as the unanticipated (i.e., withheld by Gatehouse), have placed a burden on Flavored Nation's performance.

35.     In light of this substantial frustration, failure of consideration, and unreasonable burden, any failure of Flavored Nation's performance under the Agreement is excusable until all payments are made according to the terms of the Flavored Nation-Gatehouse Agreement and the Court should accordingly enter an order declaring that the Flavored Nation-Gatehouse Agreement remains in effect and Gatehouse should perform accordingly.

WHEREFORE, for the foregoing reasons, Flavored Nation respectfully requests that the Court:

a.     Enter an order (i) declaring that the Flavored Nation-Gatehouse Agreement is valid (not void due to any breach of behalf of Flavored Nation) and that it remains in full effect, or (ii) in the alternative and/or additionally, declaring that Gatehouse has effectively terminated the Flavored Nation-Gatehouse Agreement without cause, thus triggering the 120 day termination period as explicitly set forth in the agreement and ordering paid to Flavored Nation the Termination Fee and the Royalty

arising from the Columbus Event, or (iii) in the further alternative and/or additionally, declaring that Gatehouse's failure to make scheduled payments is tantamount to frustration of purpose and therefore confirming that Flavored Nation no longer is required to perform services absent payment;

b.     Awarding Flavored Nation all damages incurred as a result of the material breaches of contract by Gatehouse and breaches by Gatehouse from its failure to make timely payments under the Flavored Nation-Gatehouse Agreement;

c.      Awarding Flavored Nation such other and further relief as it deems appropriate under the circumstances.

**JURY TRIAL DEMANDED**

Flavored Nation hereby demands a trial by jury.

Date: November 8, 2018                    Respectfully submitted,

*/s/ Willard A. Stanback*
WILLARD ALONZO STANBACK, PC
(WS8845)
36  West Lafayette Street, Suite 103
Trenton, NJ 08608
855-614-1111

*Counsel for Plaintiff Flavored*
*Nation Productions LLC*